## Kerrigan's Estate.

28

*Roper & Caldwell*, for exceptants.

*John C. Bell, Jr.*, guardian *ad litem*, contra.

GEST, J., Jan. 3, 1930.—We agree with the Auditing Judge that the rule in Shelley's Case does not apply in this case, and it is not necessary to elaborate his reasoning or to refer to any additional authorities that support it.

It is desirable, however, to call attention to the provision of the will that the income is to be paid to the testator's four daughters *nominatim* during their lives. The will continues: "In case of the death of any one of my said children without lawful issue the share of such deceased child to revert to the survivors and to be held in Trust, etc." As this follows immediately the provision for the payment of income, the word "share" may refer to income and not to principal, especially as the will subsequently provides that: "After the

death of any or all of my said children, then in such case the entire estate to revert to their lawful heirs absolutely," where the word "entire" seems to refer to *corpus* as distinguished from income. On the other hand, when the testator gives his daughters the right of testamentary appointment, he uses the word "share," which in that connection must mean *corpus* or principal.

We mention this because when any of the life-tenants die, the question will arise whether the trust has terminated in part or not and whether, if the deceased daughter leaves children, such children will be entitled to share in the income or in the principal. These questions, and perhaps others, will come before the court at the audit of a future account, and we will not discuss them before the occasion arises.

The exceptions are dismissed and the adjudication is confirmed absolutely. VAN DUSEN, J., did not sit.